## P. T. GERMAN, ETC., *v.* MULDOOM & BULLITT & CO.

**Contracts—Written Instrument—Names in Body—Delivery—Presumption—Burden of Proof.**

The fact that the writing is in the possession of the appellees, raises the legal presumption that it was delivered to them by the parties that did sign it, and it was, therefore, incumbent upon them to rebut this presumption or to establish that appellees undertook to procure the signatures of all the parties mentioned in the body of the writing.

**Contracts—By Committee—Personal Undertaking.**

The appellants are described in the writing as a committee but their undertaking to pay the agreed price for the monument is personal in its character.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

May 10, 1871.

OPINION BY JUDGE LINDSAY:

There is nothing in the written agreement upon which this suit is based indicating that the appellants were not to be bound thereby unless it was signed by all the parties whose names are mentioned in the body of the instrument. The fact of its being in the possession of the appellees raises the legal presumption that it was delivered to them by the parties who did sign it.

It was therefore incumbent upon them by proof, either to rebut this legal presumption, or to establish the allegation made in their answer that the appellees undertook to procure the signatures of all the parties mentioned in the body of the writing. As to both of these points there is an utter failure of proof.

It is true that the appellants in the writing are described as a committee, but it is also true that their undertaking to pay the agreed price for the monument is personal in its character. They term themselves the party of the second part and agree to pay to appellees the subscriptions as fast as collected, and in any event, to pay them in full the amount of the contract price, when the monument is completed. From the entire writing it is clear that they undertook to pay to appellees the agreed price for the monument and themselves to look to the subscribers for the means to fulfill these obligations. The court below in giving and refusing instructions conforms to this view of the law.

Wherefore the judgment is affirmed.

*Elliott, for appellant.*

*Barrett & Edwards, for appellees.*